

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 15, 1947

Hon. C. H. Cavness
State Auditor
Austin, Texas

Opinion No. V-198

Re: Patent fees to be
charged by the Gen-
eral Land Office

Dear Sir:

We refer to your letter dated April 4, 1947, wherein you request the opinion of this department regarding certain patent fees to be charged by the General Land Office.

Your question No. 1 is as follows:

"Should increased acreage vested to an assignee of a land patent by virtue of a deed of acquittance issued prior to passage of Senate Bill No. 101, General and Special Laws of Texas, 49th Regular Session, 1945, have been subject to the same pro rata patent fee as provided by Senate Bill No. 50, General Laws of Texas, 36th Regular Session?"

We answer this question in the negative. The Land Commissioner can charge only the fees provided by law. Art. 365, V. P. C. Senate Bill No. 50, General Laws of Texas, 36th Regular Session (Art. 3918, R. C. S., 1925) authorized and required the Commissioner of the General Land Office to charge certain fees. Patent fees were provided but no fee was provided for deeds of acquittance because no such deeds were then being issued.

House Bill No. 9, Acts 1939, Article 5421c-1, V. C. S., provided for the execution by the Land Commissioner of deeds of acquittance, covering the excess acreage in titled or patented surveys. No provision was made in such Act for a fee.

In 1945, Article 3918 was amended by Senate Bill No. 101, Acts 49th Legislature, 1945, p. 18. One

purpose of such amendment was to provide for the elimination of certain fees and the addition of others. Specific provision was then made for deed of acquittance fees. The emergency clause recites ". . . that there are now services to be performed by the General Land Office, for which no statutory fees have been fixed." It is therefore our opinion that no statutory fees were fixed for deeds of acquittance prior to the passage of Senate Bill No. 101, and that deeds of acquittance are not subject to patent fees.

We are of the further opinion that Senate Bill No. 101 was a ratification by the Legislature of the prior action of the Land Commissioner in requiring no fees for deeds of acquittance.

Your second question is:

"Should a patent assigned in lieu of a prior issued incorrect patent which resulted by the submission of incorrect field notes by the original patent assignee, be subject to a patent fee as prescribed by Article 3918, Vernon's Revised Civil Statutes of Texas (S. B. No. 50, 36th Regular Session, 1919, or S. B. No. 101, 49th Regular Session, 1945)?"

We answer your question No. 2 in the negative. We find no fee prescribed by the statutes for issuance of a corrected patent. The fee known as a "patent fee" is not a filing fee. Since the only authorized fee, the patent fee, has been once paid in the correct amount, the Land Commissioner would have no authority to collect an additional patent fee upon the issuance of a corrected patent. We are of the further opinion that the Land Commissioner's construction in accord with the above is entitled to great weight. Tolleson v. Rogan, 73 S. W. 520.

Your question No. 3 reads:

"Should the General Land Office require patent fees to be paid before issuing patents for cemeteries, churches and school houses as stipulated under Article 5406, R. C. S.?"

We answer this question in the affirmative. The omission in the 1925 revision of the phrase from the

previous article requiring a patent fee would not exempt such patents from the fee required in Article 3918, V. C. S.

## SUMMARY

1.  The General Land Office is not required to collect pro rata patent fees for deeds of acquittance, and no fee was provided therefor prior to the 1945 amendment of Article 3918, R. C. S.

2.  A corrected patent is not subject to a patent fee where the original fee was paid in the correct amount.

3.  The General Land Office should require patent fees before issuing patents for cemeteries, churches and school houses as stipulated under Article 5406, R. C. S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ben H. Rice, III
Assistant

BHR:bt:erc

APPROVED MAY 16, 1947

ATTORNEY GENERAL